# JACKSONVILLE POLICE DEPARTMENT

## COURAGE • INTEGRITY • PROFESSIONALISM

Gary L. Sipes
Chief of Police

1400 Marshall Road
Jacksonville, Arkansas  72076
( 501) 982-3191
Fax – (501) 985-0505

July 28th, 2013

FROM:  Lieutenant Thomas Mayberry

SUBJECT:  Use of Force Review, Incident #13-05899, Officer Stair

TO:  File

I have reviewed the use of force (TASER) in the above incident.  I find that the use of force was, in part, not in compliance with departmental policy and training or the use of force standard established by the U.S. Supreme Court in *Graham v. Connor* (490 US 386, 1989).

I shall summarize the incident as displayed by the video.  Officer Stair directed Officer Harness to place Charles Jackson in custody.  As Harness was applying the handcuffs, Jackson came off of the patrol car and turned on Harness in a manner that a reasonable officer would perceive as an initiated assault.  Stair applied the TASER in a dart probe launch mode, striking Jackson in the left side. Jackson collapsed to the ground.  Approximately 1 – 1½ seconds after the first five second cycle is completed Stair initiates another five second cycle.  During and after this cycle Jackson is given verbal commands. After the cycle is completed Jackson begins to rise from the ground and Stair initiated a third cycle.  After the third cycle is completed Jackson complied with commands and Harness completed handcuffing him.

It is my opinion that:

The initial deployment of the TASER was fully justified by policy and the "objectively reasonable" standard in *Graham*.  A reasonable officer would have perceived Jackson's action as the initiation of an assault on Harness and would have taken decisive measures to end such an attack.

The second cycle was not a reasonable use of force.  In addition to the fact that Jackson was not given instructional commands, he took no action that could be perceived as preparing to continue the assault or disable the

Ex. 2

TASER leads. Furthermore, Jackson was not given sufficient time to show compliance or continued resistance.

The application of the third cycle was justified. Jackson was given clear, distinct verbal commands and began to rise in what can be perceived as an attempt to continue the assault.

Although *Graham* dispensed with all prior rulings that judged the "subjective intent" (i.e., malice) in the use of force by an officer, I find it still relevant for the purpose of maintaining a professional, disciplined force. In this incident I find no cause to believe that Officer Stair had a malicious intent to impose pain or harm to Jackson.

Lieutenant Thomas Mayberry
Patrol Division, "B" Shift